UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

| | | |
|---|---|---|
| BERYL EDELMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. |
| -against- | ) | |
| | ) | COMPLAINT |
| CSC HOLDINGS, LLC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

_____

Plaintiff, BERYL EDELMAN, by her attorneys, alleges of her own knowledge and conduct and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. ("FLSA") in connection with CSC HOLDINGS, LLC's ("CSC") violation of its statutory obligations to pay Plaintiff compensation for all off-the-clock time and overtime wages, as a non-exempt employee, for work in excess of 40 hours per week, at a rate of 1.5 times her regular rate of pay, pursuant to 29 U.S.C. §207 (a).

2.      Plaintiff also seeks relief under Connecticut's Wage and Hour Laws. More specifically, Plaintiff asserts that she is entitled to compensation for all unpaid off-the-clock time and overtime wages for her work beyond 40 hours per week, at a rate

of 1.5 times her regular rate of pay pursuant to the Connecticut Wage and Hour Laws. ("CWHL") Conn. State Statutes, section 31-76(b) and (c).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. § 201et seq., a Federal Statute. As to claims under CWHL, this Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District under 28 U.S.C. § 1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and LSC is subject to personal jurisdiction in this District.

## THE PARTIES

5. CSC is a corporation created and existing under and by virtue of the laws of the State of New York.

6. CSC maintains its principal offices located at 1111 Stewart Avenue, Bethpage, New York 11714.

7. Plaintiff, BERYL EDELMAN, is a resident and citizen of Norwalk, CT 06851.

## FACTUAL ALLEGATIONS

8. CSC owns and operates cable systems in the United States, providing regional news, local programming and advertising sale services for the cable television industry.

9. CSC also provides Ethernet based data, Internet, voice, video transport and managed services to the business market.

10. CSC is a subsidiary of Altice NV, a convergent global leader in telecom, content, media, entertainment and advertising.

11. Plaintiff was employed by CSC from June 2016 to April 2018, as an account executive in CSC's Norwalk, CT office.

12. Plaintiff was a non-exempt employee whose job responsibilities included selling CSC products and services to mid-market companies in an assigned geographic area. This position required Plaintiff to sell to new accounts as well as to existing accounts, as assigned. Leads were generated by cold calling, networking and referrals as well as closing leads generated through various marketing initiatives.

13. Plaintiff worked 75% of the time in her Norwalk, CT office. The balance of the time was spent outside the office with clients or networking.

14. At all relevant times, CSC operated and controlled an enterprise engaged in commerce, with an annual gross volume of business exceeding $500,000.00.

15. At all times material and relevant herein, CSC was the employer of Plaintiff and possessed the authority and power to hire or terminate Plaintiff.

16. At all times material and relevant herein, CSC was the employer of Plaintiff and possessed the authority to control Plaintiff's work schedules and conditions of employment.

17. At all times material and relevant herein, CSC was the employer of Plaintiff and possessed the authority to determine the rate and method of the payment of her wages.

18. At all times material and relevant herein, CSC was the employer of Plaintiff and possessed the authority to determine whether she was exempt or non-exempt.

19. At all times material and relevant herein, CSC was the employer of Plaintiff and possessed the authority to maintain unrestricted access to records regarding Plaintiff's employment.

20. At all relevant times, Plaintiff was an employee of CSC within the meaning of 29 U.S.C. §§201 et. seq.

21. At all relevant times, Plaintiff was an employee of CSC within the meaning of CWHL and the supporting Connecticut Department of Labor regulations.

22. During the applicable statutory period, Plaintiff was required by CSC and did regularly work over 40 hours per week.

23. During the applicable statutory period, Plaintiff worked at least 60 hours per week.

24. At all relevant times, Plaintiff worked in the manner described above and CSC encouraged, instructed, and required her to work in this manner.

25. CSC intentionally and knowingly misclassified Plaintiff, as an employee exempt from the overtime pay requirements of the FLSA and CWHL, despite her regular performance of non-exempt duties.

26. Plaintiff does not qualify as an exempt employee, as defined by the applicable Federal and State regulations.

27. During the applicable statutory period, Plaintiff was not paid overtime compensation by CSC, for any hours worked each week, in excess of 40 hours.

28. Upon information and belief, CSC never posted a notice explaining the minimum hourly wage and overtime pay rights provided by FLSA in any area of its business facility where Plaintiff was employed, in violation of 29 C.F.R. §516.4.

29. At all times material and relevant herein, CSC failed to keep full and accurate records of Plaintiff's hours and wages, in violation of 29 C.F.R. §§ 516.5, 516.6, and CWHL.

30. Because CSC willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

31. CSC's wrongful acts, omissions and/or commissions, as alleged herein, were not made in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor and/or the Connecticut Department of Labor, or any administrative practice or enforcement policy of such departments.

32. CSC's violations of the above-described federal and state wage and hour statutes and regulations were willful, arbitrary, unreasonable and/or in bad faith.

33. CSC's failure to pay Plaintiff any overtime compensation, in violation of federal and state law, has been willful and was not the result of a good faith contest or dispute.

## FIRST CLAIM FOR RELIEF (FLSA)

34. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein at length.

35. CSC failed to compensate Plaintiff for all hours worked, each work week.

36. For example, for the pay period 03/05/17 to 03/09/17, Plaintiff worked 60 hours and only received gross wages of the amount of $1,153.84 ($19.23 per hour).

37. LSC failed to compensate Plaintiff at a rate of 1.5 times her regular rate of pay, for all hours in a work week in excess of 40. [$1.153.84 ÷ 60 =$19.23 X 1.5= $28.84]

38. For the pay period 03/05/17 to 03/09/17, Plaintiff was underpaid by $576.80. She was entitled to receive overtime compensation for 20 hours, at the rate of $28.84 per hour. [ $28.84 X20 =$576.80]. Plaintiff's gross wages for that pay period should have been $1,153.84 + $576.80 = $1,730.64. Instead, Plaintiff only received gross wages in the amount of $1,153.84.

39. CSC's overtime practices, as described herein, violated the FLSA.

6

40. CSC's conduct and employment practices, as described herein, was/is willful, intentional, unreasonable, arbitrary and in bad faith.

41. CSC has willfully and intentionally engaged in a persistent pattern and practice of violating the provisions of the FLSA, as described herein.

42. Because CSC willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations applies to each such violation, pursuant to 29 U.S.C. § 255.

43. By reason of these unlawful acts, LSC has deprived Plaintiff of over time compensation in amounts to be determined at trial, together with such other amounts for liquidated damages, prejudgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF (CWHL)

44. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein at length.

45. CSC failed to compensate Plaintiff for all hours in a work week, in excess of forty (40).

46. CSC failed to compensate Plaintiff at a rate of 1.5 times her regular rate of pay, for all hours in a work week in excess of 40.

47. CSC's overtime practices, as described herein, violated CWHL.

48. CSC'S conduct and employment practices, as described herein, was/is willful, intentional, unreasonable, arbitrary and in bad faith.

49. By reason of these unlawful acts, CSC has deprived Plaintiff of overtime compensation in amounts to be determined at trial, together with such other amounts for liquidated damages, prejudgment interest, attorney's fees, costs and other compensation pursuant to CWHL and the supporting Connecticut Department of Labor regulations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and damages as follows:

(a)  A declaratory judgment that CSC'S practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et.seq.* and attendant regulations at 29 C.F.R. § 516 *et.seq.*;

(b)  A declaratory judgment that CSC's practices alleged herein violate CWHL, attendant regulations and Connecticut common law principles.

(c)  Judgment for all unpaid overtime pay to which Plaintiff is lawfully entitled pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et.seq., and attendant regulations at 29 C.F.R. § 516 *et.seq.;*

(d)  Judgment for all unpaid overtime pay to which Plaintiff is lawfully entitled pursuant to CWHL, attendant regulations and Connecticut common law principles;

(e)  Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq., and attendant regulations at 29 C.F.R. §516 *et.seq.,* in an amount equal to the unpaid wages and overtime pay to which Plaintiff was lawfully entitled, but which was intentionally and wrongfully withheld by CSC.

(f)  Judgment for liquidated damages pursuant to CWHL.

(g)  Prejudgment interest.

(h) An order directing CSC to pay Plaintiff's reasonable attorney's fees and all costs connected with this action.

(i) Such other and further relief as this Court may deem just and proper.

Dated: June 18, 2018

                                                                BLAU, LEONARD LAW GROUP, LLC

                                                                _____
                                                                Steven Bennett Blau
                                                                Shelly A. Leonard
                                                                23 Green Street, Suite 303
                                                                Huntington, NY 11743
                                                                (631) 458-1010
                                                                sblau@blauleonardlaw.com
                                                                sleonard@blauleonardlaw.com

                                                                *Attorneys for Plaintiff*